Case 11-01245   Doc 14   Filed 10/28/11   Entered 10/31/11 10:27:47   Desc Main
Document   Page 1 of 4

11-01245:12.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 10/7/2011 1:10:49 PM by:Christine Thurston Page 1 of 4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 11 B 18808 |
| David E Goree, Sr. | ) | Judge Hon. Schmetterer |
| | ) | CHAPTER 13 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ADV. NO. 11 AP 01245 |
| US Bank National Association | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT

**A.  The Parties**

　　1.　The Plaintiff is David E Goree, Sr. ("Plaintiff").

　　2.　The Defendant is US Bank National Association ("Defendant").

**B.  Factual Background**

　　1.　On or about May 2, 2011, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

　　2.　Plaintiff owns the real estate commonly known as 2038 S. 12th Avenue, Maywood, IL 60153.

　　3.　That US Bank National Association holds a first mortgage lien on the real property commonly known as 2038 S. 12th Avenue, Maywood, IL 60153, with a secured claim of $163,396.23 pursuant to the proof of claim filed by US Bank National Association on May 12, 2011.

4. The Defendant holds a second mortgage lien on the real property known as 2038 S. 12th Avenue, Maywood, IL 60153 in the approximate amount of $37,939.1 pursuant to the proof of claim filed on August 10, 2011 by US Bank National Association.

5. That the Plaintiff obtained an appraisal of the property on April 18, 2011 indicating the value of 2038 S. 12th Avenue, Maywood, IL 60153 as $125,000.00.

6. The first mortgage lien of US Bank National Association is a secured claim based on the mortgage recorded on May 25, 2005 as document number 0514504052 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of US Bank National Association is a secured claim based on the mortgage recorded on May 25, 2005 as document number 0514504053 with the Cook County Recorder of Deeds, Illinois.

8. The Chapter 13 Plan filed on May 2, 2011 provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $610.00 per month for 36 months.

9. Under the Chapter 13 Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On August 18, 2011, Plaintiff issued an alias summons and amended complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 2038 S. 12th Avenue, Maywood, IL 60153.

11. That on August 19, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 4801 Frederica Street,

Owensboro, KY 42301 and upon the registered agent at 208 S. LaSalle St. STE 814, Chicago, IL 60604.

12. The alias summons indicated that a motion or answer was required within 35 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $125,000.00.

15. The first secured claim of US Bank National Association in the amount of $163,396.23 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A.  Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.  Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of US Bank National Association in the amount of $160,620.00, and the second secured claim of US Bank National Association in the amount of $37,353.00.

5. That value of Plaintiff's residence is $125,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C).*

Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 10/18/11

Enter:

United States Bankruptcy Judge

OCT 28 2011

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625